RECEIVED

OCT 7 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RANDY GUIDRY (#356037)** | **DOCKET NO. 10-CV-1292; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **DR. MIKE LEGGIO, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Randy Guidry, filed *in forma pauperis* on August 3, 2010. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections. He is incarcerated at the Avoyelles Correctional Center. Guidry claims that he was denied adequate dental care by Dr. Mike Leggio. He also names as defendants Warden Lynn Cooper and Secretary James LeBlanc.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

### Facts Alleged

Plaintiff alleges that he made a sick call to see the dentist, Dr. Leggio, who determined one of Plaintiff's teeth needed extracting. Plaintiff expressed concern that removing the tooth would cause difficulty eating, as he had already lost six other teeth over the years. Dr. Leggio assured Plaintiff that he would have a partial denture made for him, so eating would not be a problem. When Plaintiff's gums healed, he requested another appointment with the dentist.

At the follow-up appointment, Dr. Leggio explained that, due to budget cuts, a dental prosthesis was not an option. Dr. Leggio stated that the best option was to put Plaintiff on a "soft chew diet." Plaintiff initially refused the special diet and elected to file an administrative grievance. Plaintiff was denied at the first step of the grievance process. On the second step response form, it is noted that, "A dental prosthesis will be provided upon recommendation from the dentist when it is indicated for mastication of food." [Doc. #1, p.7] According to Plaintiff's dental record dated July 21, 2009, "the partials are elective and not a functional purpose." [Doc. #1, p.7]

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." <u>Jolly v. Klein</u>, 923 F.Supp. 931, 942-43 (S.D.Tex. 1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." <u>Macias</u> at 97.

### 2. Medical Care

Plaintiff's allegations do not support a claim that he was denied proper medical care. Although the failure to provide dentures to a prisoner could, under certain circumstances, constitute deliberate indifference to a serious medical need in violation of the Eighth Amendment, see <u>Vasquez v. Dretke</u>, 226 Fed.

3

App'x 338, 2007 WL 756455 (5th Cir. 2007) (unreported)(citing Farrow v. West, 320 F.3d 1235, 1244-45 (11th Cir. 2003); Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001); Hunt v. Dental Dep't, 854 F.2d 198, 201 (9th Cir. 1989)), Plaintiff has not alleged such circumstances in this case.

To state a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required. Gobert v. Caldwell, 463 F.3d 339, 345 n. 12 (5th Cir. 2006). In Vasquez, *supra*, the plaintiff alleged that his need for dentures was a serious medical need because without them, he suffered from difficulty eating, headaches, disfigurement, severe pain, bleeding in his mouth, and blood in his stool. In addition, a doctor recommended dentures for Vasquez. The court found those conditions sufficient to state a claim for a serious medical need for dentures.

Here, the dentist conceded that "the partials are elective and not a functional purpose" in Plaintiff's case. Moreover, Plaintiff has not alleged any injuries suffered from the lack of a partial denture. Here, the serious medical need was a tooth that needed extracting. The care provided was removing the tooth. Plaintiff alleges that his gums healed following the procedure. [Doc. #1,

4

p.4] Plaintiff has failed to allege a serious medical need for a denture, much less deliberate indifference. Although Plaintiff clearly disagrees with the opinion of the dentist, a disagreement with medical treatment does not generally constitute deliberate indifference. Gobert 463 F.3d at 346. Plaintiff's claim should be dismissed.

### 3. Supervisor Liability and Failure to Resolve Grievances

Plaintiff names Warden Cooper and Secretary James LeBlanc as defendants, presumably because they are supervisors and/or they denied his administrative grievances. To the extent that he seeks to impose liability based upon their supervisory positions, Plaintiff has failed to state a claim for which relief may be granted. The acts of subordinates trigger no individual liability for supervisory officers under § 1983. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314(5th Cir.1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of the prisoner's constitutional rights, or in those instances where there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981) (per curiam). Plaintiff has alleged no fact demonstrating personal involvement by Cooper or LeBlanc, nor any fact showing a causal connection between any of the

5

supervisors' acts or omissions and the alleged constitutional violation.

To the extent that Plaintiff names Cooper and LeBlanc because they denied his grievances, he fails to state a claim. In <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. <u>See also</u> <u>Geiger v. Jowers</u>, 404 F.3d 371 (5th Cir. 2005)(Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction.).

### Conclusion

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

6

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of October, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE